# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

TOTAL QUALITY LOGISTICS,

    Plaintiff,

vs.

M&G ENTERPRISES, LLC,

    Defendant.

Case No. 1:09-cv-582

Judge Timothy S. Black

# ORDER THAT: (1) PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 26) BE GRANTED; AND (2) THIS CASE BE CLOSED

This civil action is before the Court on Plaintiff's motion for summary judgment. (Doc. 26). Defendant did not respond.

## I. BACKGROUND

Because Defendant did not respond to the motion for summary judgment, the Court issued an Order directing Defendant to show cause why the motion should not be construed as unopposed and granted. (Doc. 27). Defendant was ordered to respond to the show cause order by September 10, 2010, but failed to do so.[1]

---

[1] Previously, this Court dismissed M&G Enterprises' third party complaint for failure to prosecute and failure to respond to a Court Order. (Doc. 22).

## II.  UNDISPUTED FACTS[2]

This cause of action originates as a result of Total Quality Logistics ("TQL") retaining M&G Enterprise, LLC ("M&G") to transport a load on behalf of a TQL customer. TQL is a trucking broker who retains trucking companies to transport loads on behalf of TQL's customers. M&G is a trucking company.

The load was frozen Jenny Craig meals ("the Goods"). M&G received the Goods in sound and good marketable condition and took custody and control of the Goods. The Goods were not delivered in as good a condition, nor were they delivered in sound and marketable condition. In fact, the Goods were never delivered.

The Goods were not delivered because M&G's truck was impounded by the police because M&G was also transporting marijuana. As a result, the Goods were destroyed. Consequently, because the Goods were never delivered, TQL sustained damages in the amount of $81,144.44, the value of the Goods. (Doc. 26, Ex. A).

## III.  STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of

---

[2] These are Plaintiff's undisputed facts taken from its motion for summary judgment. (Doc. 26). Defendant failed to repond to the motion for summary judgment and, accordingly, the Court accepts Plaintiff's undisputed facts as true.

-2-

genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (1986).

## IV. ANALYSIS

Defendant's failure to respond to Plaintiff's motion for summary judgment and the order to show cause warrants summary judgment for the Plaintiff for failure to comply with an order of the Court. Moreover, summary judgment is also warranted on the merits. *See Guarino v. Brookfield Twp. Tr.*, 980 F.2d 399, 404-05 (6th Cir. 1992) (holding that a district court properly relies upon the facts provided by a moving party when a motion for summary judgment goes unopposed).

Plaintiff claims that this Court should enter summary judgment against Defendant because it is undisputed that: (1) TQL retained M&G in February 2009 to transport a load on behalf of a TQL customer; (2) M&G received the goods in sounds and good marketable condition; (3) M&G took custody and control of the goods; (4) the goods were not delivered in sound and marketable condition, in fact, the goods were never delivered because M&G's truck was impounded; and (5) as a result of the goods not

being delivered in good and sound marketable condition, TQL sustained damages in the amount of $81,144.44. (Doc. 26, Ex. 1).[3]

Accordingly, the Court finds that as a direct and proximate cause of M&G's negligence and breach of contract, Plaintiff incurred damages in the amount of $81,144.44.

## V. CONCLUSION

Based on the evidence of record, the Court finds that Plaintiff's motion for summary judgment is well taken as there are no genuine issues of material fact in dispute and Plaintiff is entitled to entry of judgment as a matter of law. Accordingly:

1. Plaintiff's motion for summary judgment (Doc. 26) is hereby **GRANTED**;

2. Judgement is entered against Defendant M&G Enterprises, LLC in the amount of **$81,144.44**; and

3. This case is **CLOSED**.

**IT IS SO ORDERED.**

Date: 9/13/10

Timothy S. Black
United States District Judge

---

[3] TQL served M&G with requests for admissions on May 27, 2010, requesting that they admit or deny the referenced facts. (Doc. 26, Ex. 1). M&G never responded to the requests for admissions and therefore the requests are deemed admitted. Fed. R. Civ. P. 36.